UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO VALLADARES
LABRADA,

      Petitioner,

    v.                         Case No.:  2:26-cv-01370-SPC-DNF

FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

      Respondents,

_____/

## **OPINION AND ORDER**

Before the Court are petitioner Alejandro Valladares Labrada's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 8).

Valladares Labrada is a native of Cuba who was paroled into the United States in 1980.  On March 10, 2008, Valladares Labrada was convicted of sexual battery and sentenced to 79 months in prison.  Immigration and Customs Enforcement ("ICE") processed Valladares Labrada for administrative removal under 8 C.F.R. § 238.1(b)(1).  ICE issued an administratively final removal order on May 20, 2015, took custody of Valladares Labrada on December 8, 2015, and released him on an order of supervision on March 24, 2016.

On April 10, 2019, Valladares Labrada was again convicted of sexual battery and received a 15-year prison sentence.  He completed that sentence

on January 12, 2026.  ICE determined Valladares Labrada would be held in ICE custody upon his release from prison "[b]ased on his lengthy criminal history and risk to public safety[.]" (Doc. 8-1 at 6).  ICE has detained him since then, mostly at Alligator Alcatraz.

Valladares-Labrada argues his detention is unlawful because (1) removal is not likely in the reasonably foreseeable future, (2) ICE has not afforded him a hearing before a neutral decisionmaker, and (3) ICE has not performed a custody review.

The respondents argue the Court should dismiss the petition because Valladares-Labrada was transferred from Alligator Alcatraz to a detention center in El Paso on April 27, 2026, one day before the clerk opened this case. But the petition is dated April 4, 2026, and the clerk of the Southern District of Florida stamped it received on April 13, 2026.  Thus, Valladares-Labrada constructively filed it while detained in this district, and jurisdiction is proper.

The Court turns to the merits.  Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Valladares Labrada's current detention is lawful.  8 C.F.R. § 241.4 allows ICE to revoke release the release of a noncitizen who is removable under section 237(a)(2) of the Immigration and Nationality Act.  Valladares Labrada is removable under that section because he committed an aggravated felony.

Valladares Labrada is not entitled to a hearing before a "neutral decisionmaker," like an immigration judge, so his first procedural due process claim fails. But he is entitled to a custody review by the HQPDU director under 8 C.F.R. § 241.4(l)(3):

> If the alien is not released from custody following the informal interview provided for in paragraph (l)(1) of this section, the HQPDU Director shall schedule the review process in the case of an alien whose previous release or parole from immigration custody pursuant to a decision of either the district director, Director of the Detention and Removal Field Office, or Executive Associate Commissioner under the procedures in this section has been or is subject to being revoked. The normal review process will commence with notification to the alien of a records review and scheduling of an interview, which will ordinarily be expected to occur within approximately three months after release is revoked. That custody review will include a final evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release. Thereafter, custody reviews will be conducted annually under the provisions of paragraphs (i), (j), and (k) of this section.

The respondents do not contest Valladares Labrada's claim that this review process has yet to begin.

Accordingly, it is hereby

**ORDERED:**

Alejandro Valladares-Labrada's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**. ICE shall begin the custody review process set out in 8 C.F.R. § 241.4(l)(3) forthwith and conduct the annual reviews required by that section so long as Valladares Labrada remains in its custody. The Clerk

is **DIRECTED** to terminate any pending motions and deadlines, enter

judgment, and close this case.

    **DONE AND ORDERED** in Fort Myers, Florida on May 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record